# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROLAND A. ROSELLO,

    Plaintiff,

v.                                                                         Case No: 8:19-cv-3027-CEH-CPT

KEATHEL CHAUNCEY ESQ.,
FRESH LEGAL PERSPECTIVE, PL
and RIVERA CHIROPRACTIC, INC.,

    Defendants.
_____

## ORDER

This cause comes before the Court on the Report and Recommendation (Doc. 86) issued by Magistrate Judge Christopher P. Tuite. Magistrate Judge Tuite recommends denial of Defendants Keathel Chauncey Esq., and Fresh Legal Perspective's ("Defendants") Second Amended Motion for Entitlement to Attorney's Fees (Doc. 84). All parties were furnished copies of the R&R and afforded the opportunity to file objections, in accordance with 28 U.S.C. § 636(b)(1). Defendants filed a timely Objection and Plaintiff responded. Docs. 87, 88. Upon careful consideration of the R&R, Objections, response, and this Court's independent examination of the file, it is determined that the Objections should be overruled, the R&R adopted, and Defendants' Motion (Doc. 84) denied.

I.      BACKGROUND

A complete recitation of this case's factual background can be found in this Court's Order on summary judgment (Doc. 63 at 2–4) and the R&R (Doc. 86 at 2–5). In short, Plaintiff Rosello, an attorney, represented an individual uninvolved in this case as related to two car accidents. Doc. 63 at 2–3. The individual received treatment from Defendant Rivera Chiropractic, Inc. ("Rivera"), for which Rivera was never paid. *Id.* at 3. In state court, Rivera sued the individual who had received treatment, Rosello personally, and Rosello's law firm seeking reimbursement. Doc. 63 at 3. Doc. 84 at 5–6. Defendants Fresh Legal Perspective, PL ("FLP") and Keathel Chauncey, FLP's managing attorney, represented Rivera. Doc. 63 at 2. Ultimately, around ten months after the filing of the state court case, Rivera voluntarily dismissed it.[1] *Id.* at 3.

Rosello subsequently filed this action in 2019. *See* Doc. 1. He brought claims against Chauncey, FLP, and Rivera for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1691, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, § 559.55 *et seq.,* Fla. Stat. ("FCCPA"), as well as several state law claims. Doc. 1 ¶¶ 19–43. Rosello alleged that Rivera, in suing him, wrongly averred that Rosello personally owed a debt, that the state court action was an attempt to coerce him into providing compensation, and that Chauncey and FLP accused him of unethical and illegal conduct—through a bar complaint—in order to force him into paying a debt he had no obligation to pay. Doc. 86 at 4. This Court ultimately found

---

[1] Certain details of the underlying case, including the reason for the voluntary dismissal, are contested in the submissions but largely irrelevant to the issues in this Motion.

2

that Rosello failed to establish certain elements of his FDCPA claims and granted summary judgment for Defendants on those counts, declining to exercise supplemental jurisdiction over the state law counts, which were dismissed without prejudice. *See* Doc. 63 at 16–31. Defendants filed a motion for entitlement to attorney's fees alleging four grounds. Doc. 84. Plaintiff responded (Doc. 85), and the Magistrate Judge ultimately issued an R&R recommending the motion be denied in full. *See* Doc. 86.

## II.  LEGAL STANDARD

Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). Magistrate judges have the authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. *Id.* § 636(b)(1)(B). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1). The district judge may accept, reject, or modify, in whole or in part, the report and recommendation.  28 U.S.C. § 636(b)(1)(C). The objections to a magistrate judge's report and recommendation  must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). In the absence of specific objections, there is

no requirement for a district judge to review factual findings *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

### III.   DISCUSSION

Defendants submit a lengthy list of objections to the R&R. Doc. 87. The majority relate to the issues of whether Plaintiff brought this case in bad faith, whether the case was brought for the purpose of harassment, and whether the case was frivolous, which are especially relevant to the request for fees under the FDCPA. Defendants also lodge objections to the rejection of their other three bases for attorney's fees. Plaintiff argues that Defendants largely rehash arguments from their initial motion and mostly object to factual findings, not legal analyses. Having conducted a *de novo* review of those portions of the R&R to which Defendants objected, as well as the issue of whether Defendants are entitled to attorney's fees under any of the arguments they put forward, the Court will overrule the objections and deny the motion.

#### A. 15 U.S.C. § 1692k(a)(3)

The Court first addresses the objections related to 15 U.S.C. § 1692k(a)(3), which authorizes a court to award fees to a defendant who prevails on an FDCPA claim if the Court finds that the action was brought "in bad faith and for the purpose of harassment." *Id.* § 1692(k)(a)(3). The R&R recommends denying relief under this provision. *See* Doc. 86. First, the Magistrate Judge considered the Eleventh Circuit's definition of bad faith and rejected Defendants' arguments that bad faith was established here. Doc. 86 at 7–15. Defendants' arguments for bad faith were based on:

4

(1) Rosello's failure to satisfy elements of his FDCPA claims; (2) his failure to conduct discovery; and (3) his choice to continue this lawsuit after certain developments in the state court action. Doc. 86 at 7–15. Even if Defendants had established bad faith, the R&R found that they failed to establish that the suit was brought for the purpose of harassment. *Id.* at 5.

Defendants lodge numerous objections. First, however, they agree that the R&R includes the correct legal standard for bad faith. Doc. 87 at 3–4. Defendants attempt to establish bad faith by analyzing the frivolity factors laid out in *Zultak v. Becker & Poliakoff, P.A.,* 2021 WL 9350939 (S.D. Fla. Dec. 6, 2021).[2] Doc. 87 at 4–10. Based on these factors, they ask the Court to deem the case frivolous. *Id.* at 10. Additionally, they object to the findings that: Plaintiff was (at most) negligent rather than reckless in filing the case (*Id.* at 11–14); there is no evidence Plaintiff pursued the claims for the purpose of harassment (*Id.* at 14–16, 18); and the alleged finding "that [plaintiff's counsel's] declaration explained away the lack of evidence supporting any of Plaintiff's claims" *Id.* at 17–18.

Upon *de novo* review, this Court also rejects Defendants' arguments as to bad faith and will deny the request for fees under the FDCPA. Bad faith is established where an attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Lacayo v. Puerta de Palmas Condo. Ass'n, Inc.,* 842 F. App'x 378, 382 (11th Cir. 2021) (per

---

[2] *Zultak* was cited in another section of the R&R dealing with Defendants' request for fees under a state statute. Doc. 86 at 15.

curiam) (internal citation omitted). As discussed, *infra,* regarding Defendants' specific objections, they fail to establish in their motion or objections that this suit was frivolous or that Plaintiff pursued it knowingly or recklessly and for the purpose of harassment.

### § 1692(k)(a)(3)'s Harassment Requirement

First, the Court agrees with the Magistrate Judge that even if Defendants had established bad faith, they provide no evidence that this case was brought for the purpose of harassment. Doc. 86 at 15. This alone dooms the claim. *Dukes v. LVNV Funding,* LLC, No. 6:21-cv-1342-GAP-DAB, 2023 WL 2574760, at *4 (M.D. Fla. Feb. 27, 2023) (holding that even if recklessness was established, "[the d]efendant fails to show that [the p]laintiff did so with the purpose to harass.") (citing *Conner v. BCC Fin. Mgmt. Servs., Inc.,* 597 F. Supp. 2d 1299, 1309 (S.D. Fla. 2008)).

Defendants' arguments regarding harassment are entirely speculative. They argue Rosello "likely" prosecuted this action because he "*seem[ed]* to place blame and animosity" towards Defendants as a result of a bar complaint. Doc. 84 at 9, 15, 17–18. This contention is not supported by affirmative evidence and is insufficient to support a finding of harassment. *Conner*, 597 F. Supp. 2d at 1309. Nor does the Court credit Defendants' arguments that the lumping together of boilerplate allegations in the complaint, the filing of a motion for summary judgment, or the failure to conduct any discovery establish harassment. Doc. 87 at 15–16. These contentions will thus be rejected.

Also, on the issue of harassment, Defendants object to the Magistrate Judge's finding that *Tucker v. CBE Grp., Inc.,* 710 F.Supp.2d 1301 (M.D. Fla. 2010), was readily distinguishable. Doc. 86 at 13. They argue *Tucker* applies to § 1692(k) fee requests and is similar to this case because Rosello presented boilerplate allegations, continued litigation without a factual basis, forced Defendants to move for summary judgment, and was deliberately indifferent to obvious facts. Doc. 87 at 14–17. The Court will overrule this objection, as the analysis in the R&R is correct. The fee award in *Tucker* was granted pursuant to Fed. R. Civ. P. 11, not the FDCPA, and the misconduct there cannot fairly be equated to the facts here.[3] *Tucker*, 710 F. Supp. 2d at 1306.

Additionally, Defendants object to the R&R's "implication . . . that 'harassment' cannot be inferred from bad faith actions." Doc. 87 at 18. They cite to the 20-page R&R in general, rather than citing to a specific page where such an implication was made. This is a non-specific objection of the type that the Court need not address, and is otherwise meritless. *Knezevich*, 761 F. App'x at 906.

In the same section, Defendants "ask this Court to adopt the standards for harassment and bad faith applied in *Tucker*, *Black*, and the other cases cited in Defendants' Motion for Entitlement to Attorney Fees." Doc. 87 at 11. This wholesale

---

[3] In *Tucker,* the plaintiff's deposition clearly contradicted his complaint, it became clear during discovery that the challenged counts had no factual basis whatsoever, and deficient parts of the complaint were comprised of boilerplate allegations and requests for relief that could not "possibly apply." *Id.* at 1306–1308. There was also a suggestion that the plaintiff had intentionally withheld information to bolster his claims. *Id.* at 1306. This is simply not the case here, as evidenced by the Court's order on summary judgment, the declaration of Plaintiff's counsel, and the record.

7

citation to previous motions is also non-specific. Moreover, this entire line of argument is unpersuasive because Defendants provide no affirmative evidence of Plaintiff's intent to harass. Additionally, *Black v. Equinox Fin. Mgmt. Sols., Inc.,* 444 F. Supp. 2d 1271, 1276 (N.D. Ga. 2006), *vacated,* No. 1:05-CV-1588-BBM, 2007 WL 9700926 (N.D. Ga. Feb. 1, 2007), is not helpful to Defendants. What they fail to note in their description of the case (or the incomplete case citation) is that the opinion was vacated, and the fee award was rescinded. In fact, the court there found that "since Plaintiff did not *bring* the suit in bad faith and with purpose to harass, [the Court] may not award costs or attorneys' fees to Equinox under 15 U.S.C. § 1692k(a)(3)." *Black,* 2007 WL 9700926 at *7. Ultimately, *Black* supports a denial of Defendants' motion, as there is no affirmative evidence Rosello brought this suit in bad faith and with the purpose to harass.

### Bad Faith and Frivolity

Defendants' objections based around the alleged frivolity of this action (Doc. 87 at 5–10) are also due to be overruled. This is so because, as the magistrate found, Defendants fail to *affirmatively* establish that Rosello knowingly or recklessly prosecuted frivolous FDCPA claims. *See Victor v. Petrousky,* No. 6:19-CV-788-PGB-LRH, 2020 WL 7401604, at *3 (M.D. Fla. May 27, 2020) (stating that a "prevailing defendant must show *affirmatively* that the plaintiff brought [his] FDCPA claim[s] in bad faith and for the purpose of harassment," and declining to find this standard was met "based upon inference alone" even though "the underlying facts certainly

8

suggest[ed] that [the p]laintiff was motivated by an intent to retaliate against [the defendant]") (internal citations omitted).

And *Zultak,* which Defendants rely upon heavily, is distinguishable. First, it dealt with a request for fees under the FCCPA. Secondly, *Zultak* held that the plaintiffs had failed to introduce any evidence whatsoever that the debt they owed to the defendant was illegitimate, an element of the plaintiffs' claim. 2021 WL 9350939 at *1. Here, Rosello's claim failed at summary judgment because the Court rejected his theory that Rivera's state-court suit placed Defendants within the statutory definition of debt collectors or that the other suit was based on a "debt" as statutorily defined. Doc. 63 at 17–21. This is a different scenario than in *Zultak*, where the plaintiffs apparently presented no argument or evidence that the debt in question fell under the ambit of the FCCPA. 2021 WL 9350939 at *1. The affidavit submitted by Rosello's counsel explains that Rosello believed the state court suit against him was "an unlawful attempt to collect a consumer debt owed by [Plaintiff's clients] from [him] individually." Doc. 85-3 at 6–9. Although Plaintiff's legal theory ultimately failed, this does not mean it was like the claims in *Zultak,* which "lacked any justiciable issue of law or fact" and were backed by no argument "that would warrant close attention by the Court." 2021 WL 9350939 at *1.

Ultimately, the Court agrees with the Magistrate Judge's determination that the FDCPA counts here were simply deficient, not frivolous. This Court's order on summary judgment did not find, explicitly or impliedly, that the FDCPA counts were "so patently devoid of merit as to be 'frivolous.'" *Sullivan v. School Bd. of Pinellas Cnty,*

773 F.2d 1182, 1189 (11th Cir. 1985). Instead, the Court analyzed whether Rosello had satisfied the elements of his claims, including by establishing that Defendants qualified as debt collectors and that the money owed qualified as a debt. *See* Doc. 63 at 16–29. Although the ultimate answer to these questions was "no," this does not establish frivolity or entitle Defendants to fees. *Cf. Hughes v. Rowe,* 449 U.S. 6, 15–16 (1980) (noting that in the context of other fee-shifting statutes, "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation.'") (citation omitted).

Defendants also object to the finding that Plaintiff was at most negligent in filing the suit, rather than reckless. Doc. 87 at 11. They rehash their arguments that Plaintiff's failure to conduct discovery and choice to "push for trial" needlessly caused them to "undertake significant efforts" in preparing pre-trial documents. *Id.* They cite *Conner v. BCC Fin. Mgmt. Servs., Inc.,* 597 F. Supp. 2d 1299 (S.D. Fla. 2008) in support of this argument. However, as the magistrate judge found, *Conner* is unhelpful to Defendants because it in fact declined to award fees under the FDCPA based on insufficient "evidence that [the p]laintiff both knew that his/her claim was meritless and pursued it with the purpose of harassing the defendant." *Id.* (citation omitted). Likewise, there is no evidence of harassment here.

Additionally, the objections regarding the magistrate judge's finding that Defendants failed to establish recklessness will be overruled. This Court agrees that Defendants' arguments, largely based on the summary judgment order, at most establish negligence, which is not enough to receive fees under the statute. Doc. 86 at

10

10–11, 14; *Gillis v. Deutsche Bank Tr. Co. Americas,* No. 2:14-CV-418-SPC-CM, 2016 WL 551765, at *3 (M.D. Fla. Jan. 26, 2016), *report and recommendation adopted,* 2016 WL 540300 (Feb. 11, 2016). Also cutting against Defendants' objections is the fact that "bad faith" and "harassment" are not established simply by a defendant's success at summary judgment. *Dukes*, 2023 WL 2574760 at *3 (quoting *Williams v. Internal Credit Sys., Inc.,* 2021 WL 9772145, at *4 (M.D. Fla. Apr. 9, 2021)) (internal quotation marks omitted), *report and recommendation adopted,* 2023 WL 2571052 (Mar. 20, 2023); *Burgos v. SunTrust, N.A.,* 2020 WL 2299937, at *3 (S.D. Fla. Mar. 31, 2020) (collecting cases), *report and recommendation adopted,* 2020 WL 2299936 (May 7, 2020).

Further, the declaration of Plaintiff's counsel (under penalty of perjury), indeed undermines the contention that the FDCPA claims were frivolous. *See* Doc. 85-3 at 8–10. It states, in part, that:

> In view of the repeated groundless civil claims against Rosello [in the state court action and a number of other circumstances,] my strong belief was that the entire [state court] case against Rosello was an unlawful attempt to collect a consumer debt owed by [Holt and her mother] from Rosello individually. My conclusion was that the attempt to collect the consumer debt from Rosello personally established a cause of action under the FDCPA in favor of Rosello, as I was well aware of the case law stating that non-consumers and non-debtors can be and are protected in many instances under the FDCPA (authorities are cited in [Rosello's responsive m]emorandum . . . ). Furthermore, it was my belief that the terminology used to attempt to collect a consumer debt— here characterized as a "breach of fiduciary duty"—does not change the essential fact that it was, at base[,] "an attempt to collect a consumer debt" [under the FDCPA].
>
> My reasoning in filing this case with regard to the FDCPA may have turned out to be flawed, but it does not convert this action into one where the language and intent of the FDCPA should be twisted so as to make it a "loser pays" statute. It is not. And contrary to the claims made by

11

> [Chauncey and FLP] in the[ir fee motion], I did not file this case "frivolously," or in "bad faith," . . . or for any other improper purpose.

*Id.* This Court acknowledges Vollrath's bias on the matter, as did the Magistrate Judge. Doc. 86 at 10. Nonetheless, he is a barred attorney who made his declaration under penalty of perjury, and the attestations (and more importantly, the reasoning) support a finding that Plaintiff did not knowingly and recklessly bring frivolous FDCPA claims in this case.

Relatedly, Defendants object to the "finding" that the declaration of Plaintiff's counsel "explained away the lack of evidence supporting any of Plaintiff's claims." Doc. 87 at 17. The R&R includes no such finding. It states that the declaration "undermines" Defendants' contention of frivolity and claim for fees. Doc. 86 at 10. This objection will thus be overruled because the declaration was just one piece of evidence cutting against a fee award, and because the Court agrees that Defendants' arguments are otherwise unpersuasive.

Defendants also object to the fact that the magistrate judge rejected their frivolity argument even though Rosello failed to conduct discovery. The R&R indicates that:

> Chauncey and FLP's effort to advance their frivolity argument by citing Rosello's failure to request discovery in this case likewise fails. (Doc. 84 at 14–16). To start, Chauncey and FLP do not identify any information or documents Rosello should have sought in discovery in order to advance his FDCPA counts. Regardless, Rosello explains in his response that he did not propound any discovery requests because he believed he had already developed enough evidence as a result of the "extensive, multi-year" state court action. (Doc. 85 at 13–14). This is especially so, Rosello emphasizes, since the state court litigation culminated in his

12

> favor, finding—as referenced earlier—that Rivera's case was without a basis in law or in fact and was brought in bad faith. *Id.*

Doc. 86 at 11.

Defendants argue that the reason they did not identify any documents Plaintiff should have sought because there were none. Doc. 87 at 13. They now list a few requests that they contend should have been made and again ask this Court to find recklessness based on Plaintiff's failure to conduct discovery, *inter alia*. *Id.* at 13–14.

The Court will not do so. Instead, it will adopt the Magistrate Judge's finding that Rosello adequately explained his decision not to make discovery requests based on the extensive state court action, and the fact that the state court litigation culminated in Rosello's favor, based on its lack of a basis in law or fact. In sum, Defendants' objections related to fees under the FDCPA all fail. They are either non-specific, irrelevant, or otherwise fail to persuade the Court, upon *de novo* review, that the magistrate judge's findings should be rejected.

**B. Section 559.77 of the Florida Statutes**

In the R&R, the magistrate judge found that Defendants should not be awarded fees pursuant to Section 559.77 of the Florida Statutes, which authorizes a defendant to a FCCPA claim to obtain attorney's fees "if the Court finds that the suit fails to raise a justiciable issue of law or fact." Fla. Stat. § 559.77(2). The magistrate judge explained that Defendants did not prevail on Rosello's FCCPA claims, which were dismissed without prejudice on jurisdictional grounds. Doc. 86 at 16–17; *See also McRae v. Rollins College*, No. 6:05-cv-1767-ORL-ACC-KRS, 2006 WL 1320153, at *3 (M.D. Fla. May

13

15, 2006) (holding in the Title VII context that "[a] dismissal without prejudice does not support a finding that a defendant was a prevailing party.") (citation omitted)

Defendants cite case-law stating that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party . . ." Doc. 87 at 19; *Rinehuls v. Holiday Inn Club Vacations, Inc.,* 2021 WL 3811951, No. 6:21-cv-0123-ACC-DCI (M.D. Fla. Aug. 9, 2021) (internal citations omitted). Here, however, Plaintiff did not voluntarily dismiss the action, and Defendants fail to establish that Plaintiff raised no justiciable issue of law or fact. Therefore, the Court agrees Defendants are not entitled to an award under the FCCPA.

### C. 28 U.S.C. § 1927

The magistrate judge also denied the request for fees under § 1927 because Defendants failed to establish "conduct tantamount to bad faith," and filed the motion well after the allegedly inappropriate paper. Doc. 86 at 16–17. Defendants object arguing that they have shown elsewhere in their objections that Plaintiff recklessly pursued a frivolous claim and established bad faith. Doc. 87 at 19–20. This objection will be rejected because it merely reincorporates arguments already considered and rejected *supra*. The Court agrees with the magistrate judge that Defendants fail to establish bad faith, and that the nearly fifteen-month delay in filing the motion further cuts against an award of fees. *See Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020), 962 F.3d at 1311 (stating that "a motion for sanctions . . . 'should be served promptly after the inappropriate paper is filed'") (quoting *Peer v. Lewis*, 571 F. App'x 840, 844 (11th Cir. 2004) (per curiam) (internal quotation marks and citation omitted)).

14

### D. The Court's Inherent Authority

Finally, the magistrate judge concluded that a denial of fees under 28 U.S.C. § 1927 forecloses a fee award pursuant to the Court's inherent authority. Doc. 86 at 18–19 (citing *Eldredge v. EdCare Mgmt., Inc.,* 766 F. App'x 901, 907 n.4 (11th Cir. 2019) (per curiam) (internal citations omitted). On this basis, and because Defendants predicate their inherent authority argument on acts Rosello took in other cases, the magistrate judge denied the request. Defendants object to the "conclusion that Defendants requested sanctions for Plaintiff's bad actions in other cases." Doc. 87 at 20. They argue that other matters were referenced to show Plaintiff's motive to harass and "knowledge that the actions [he] took" were inappropriate. *Id.* Regardless of the second point, this argument fails based on binding precedent. The Court agrees that it cannot award fees pursuant to its inherent authority, having rejected Defendants' § 1927 fee request, because it has rejected a finding of bad faith.[4] Separately, this argument fails because it is predicated on Rosello's conduct in other cases. *See* Doc. 84 at 22–24; *Fidelity Land Trust Co., LLC v. Sec. Nat'l Mortg. Co.,* No. 6:12-CV-1676-JCA-DAB, 2013 WL 524961, at *4 (M.D. Fla. Jan. 7, 2013), *report and recommendation adopted,* 2013 WL 588312 (Feb. 13, 2013).

---

[4] "The key to unlocking a court's inherent power is a finding of bad faith." *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1223 (11th Cir. 2017) (citation omitted). Recklessness alone does not satisfy this standard. *Id.* at 1223–24. A court's power to sanction under its inherent authority "does not reach further than [its power to sanction under] section 1927." *Eldredge v. EdCare Mgmt., Inc.,* 766 F. App'x 901, 907 n.4 (11th Cir. 2019) (per curiam) (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1239 (11th Cir. 2007) and citing *Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1178 n.6 (11th Cir. 2005)).

### E. Miscellaneous Objections

Defendants object to the magistrate judge's "presentation of the underlying facts from the State Court case." Doc. 87 at 1. They concede that these facts are "largely not pertinent" to the fees issue, but nevertheless take umbrage at the implication that the other action was dismissed to avoid a finding of fraud. *Id.* at 1–2. The Court agrees that this issue is irrelevant here and disagrees that the magistrate judge makes such an implication in the R&R. The magistrate judge merely cited the state court's findings on that issue. Doc. 86 at 3–4. This objection will therefore be overruled.

Similarly meritless is Defendants' argument that the "presentation of the facts . . . makes it seem as though the 'bad faith' finding [in the state court case] was not reversed." Doc. 87 at 2–3. The magistrate judge correctly indicates that the fee award was reversed on appeal, primarily on procedural grounds. Doc. 86 at 3–4. Finally, Defendants disagree with the "characterization" that this case "merely consisted of a complaint, answer, and motions for summary judgment" and argue that it "was practically complete." Doc. 87 at 3. Defendants appear to reference the magistrate judge's explanation of the case's procedural posture. Doc. 86 at 4–5. It is unclear how this has any bearing on the instant motion, and the docket indeed features a complaint (Doc. 1), answers (Docs. 10, 16), and motions for summary judgment (Docs. 29, 47). Therefore, this Objection is overruled.

Defendants make several miscellaneous objections about Rosello's knowledge of the FDCPA. They dispute that Plaintiff was not aware that his claims lacked merit, and take issue with the magistrate judge referring to Rosello as a "personal injury

attorney." Defendants argue the magistrate judge should have considered that Plaintiff was "his own attorney" on the FDCPA claims and has worked on other FDCPA cases. Doc. 87 at 12. Thus, they argue the "implication that Rosello lacks the knowledge to understand" the elements of an FDCPA claim is incorrect. *Id.* at 12–13.

The objection is meritless. First, Plaintiff indeed primarily practices personal-injury law, as the Parties stipulated. Doc. 50 ¶ 2. Moreover, this semantic squabble is immaterial. As to the objection that Rosello knew his case lacked merit, Defendants cite no evidence. Instead, as the magistrate judge found, they failed to "affirmatively demonstrate that Rosello, a personal injury attorney, knew or clearly should have known that the legal theory undergirding the FDCPA counts posited by Vollrath, a sophisticated FDCPA litigator (per Chauncey and FLP), was so patently devoid of merit as to be frivolous." Doc. 86 at 10–11.

## IV.   CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge and the Objections thereto, and in conjunction with an independent *de novo* examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects, and the motion denied. Accordingly, it is now **ORDERED**:

(1)   Defendants' Objection (Doc. 87) is **OVERRULED**. The Report and Recommendation of the Magistrate Judge (Doc. 86) is **ADOPTED, CONFIRMED,**

and **APPROVED** and is made a part of this Order for all purposes, including appellate review.

(2)  Defendants' Second Amended Motion for Entitlement to Attorney's Fees (Doc. 84) is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on February 21, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties